WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Roy Vera,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn,<br><br>    Respondent. | No. CV-15-00613-TUC-JCH (DTF)<br><br>**REPORT AND RECOMMENDATION** |

  Before the Court is Petitioner Ronnie Vera's motion for reconsideration (Doc. 96). The motion for reconsideration is fully briefed. (Docs. 96, 102, 104.) This matter has been referred to United States Magistrate Judge D. Thomas Ferraro for report and recommendation. (Doc. 99.) As more fully set forth below, it is recommended that the district court, after its independent review deny the motion for reconsideration (Doc. 96).

**BACKGROUND**

  Much of the background is known to the parties and is in previous orders. The Court will update the background and procedural history and refer to it as necessary.

  In September 2016, Petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 22.) He argued that his sentence violated the United States Constitution. (Doc. 22.) In September 2017, Judge Frank Zapata found that A.R.S. § 13-716 was an ex post facto law and ordered these proceedings stayed "until the State of Arizona remedies Ronnie Vera's current unconstitutional custody." (Doc. 41 at 4-5; Doc. 43 at 3-4.)

Respondent appealed to the United States Court of Appeals for the Ninth Circuit. (Doc. 47.) The Ninth Circuit reversed and remanded to the district court. (Doc. 75-1.) The Ninth Circuit concluded that *Miller v. Alabama*, 567 U.S. 460 (2012), "does not require any consideration of Vera's status as a juvenile offender before imposing" a sentence of life in prison with the possibility of parole after twenty-five years. (Doc. 75-1 at 3.) Further, the Ninth Circuit concluded that § 13-716 did not violate the Ex Post Facto Clause because the sentence caused by the statute was not harsher than the original sentence. *Id.* at 3-5. However, this matter was remanded to determine if there was a process through which Petitioner could seek parole in accordance with *Miller* and *Montgomery v. Louisiana*, 577 U.S. 190 (2016). (Doc. 75-1 at 5.) The Ninth Circuit had "requested supplemental briefing on the question of whether § 13-716, as implemented by the Arizona Department of Corrections, actually provides an opportunity for Vera to obtain parole within the meaning of *Miller* and *Montgomery*." *Id.* The Ninth Circuit was "not persuaded that it does; however, further factual development is required, and . . . remand[ed] for the district court's consideration in the first instance, with the district court directed to allow amendment of the petition as necessary." *Id.* It also denied Petitioner's motion for bail without prejudice permitting "renewal of the motion before the district court." *Id.* at 5 n.2.

After the Ninth Circuit issued its ruling, Petitioner filed a motion for expedited hearing and release from custody. (Doc. 73.) He argued that he had a high probability of success on the merits, that he would be irreparably harmed by continued imprisonment, that release would not substantially injure the state, and that the public interest supported his release. (Doc. 73 at 5-10.) Respondent argued that this Court lacked authority to release Petitioner on bail and that Petitioner had not shown that this case involved special circumstances. (Doc. 76 at 3-4.) Further, Respondent argued that Petitioner's claims did not have a high probability of success because they were inexcusably procedurally barred, not yet ripe, and not meritorious. *Id.* at 5, 9-10.

In May 2020, this Court filed a Report and Recommendation to the district court recommending that it deny Petitioner's motion for release from custody, assuming it had

authority to release Petitioner. (Doc. 79.) Specifically, this Court concluded that the claim was not yet ripe and that Petitioner had not presented special circumstances. (Doc. 79 at 5-7.) Petitioner supplemented his motion and objected to the Report and Recommendation. (Docs. 82, 83, 85, 87, 92, 94.)[1]

On September 11, 2020, the district court adopted the Report and Recommendation. (Doc. 95.) On September 14, 2020, the Arizona Board of Executive Clemency (BOEC) conducted Petitioner's parole hearing and denied his request for parole. (98 at 8, 38.) On September 28, 2020, Petitioner filed his motion for reconsideration before this Court. (Doc. 96.)

**LEGAL STANDARD**

Motions for reconsideration are disfavored. *See Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Courts will generally "deny a motion for reconsideration . . . absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

"In the habeas context, this court has reserved bail for 'extraordinary cases involving special circumstances or a high probability of success.'" *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994), *as amended* (Feb. 8, 1995) (quoting *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989)). The Ninth Circuit has not resolved whether the district court may grant release pending resolution of a habeas corpus petition. *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001) (noting disagreement among circuits and specifically declining to resolve whether release may be granted pending a decision by the district court on a habeas petition).

Assuming the district court has jurisdiction, the release of a habeas petitioner is governed by Rule 23, Fed. R. App. P. *See Marino v. Vasquez*, 812 F.2d 499, 508 (9th Cir.

---

[1] Petitioner filed a reply to his objection. (Doc. 92.) However, "No reply brief shall be filed on objections unless leave is granted by the district court." (Doc. 79 at 8.) Petitioner never requested or received leave from the district court. Rule 72, Fed. R. Civ. P., does not provide for replies to objections to reports and recommendations. Because the district court seemed to consider the reply, this Court shall also consider it.

1987). Additional factors to be considered include:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770 (1987).

**ANALYSIS**

Here, Petitioner has presented a factual change that could not have been presented with his original motion. (Doc. 96.) The Arizona BOEC conducted Petitioner's parole hearing and denied his request for parole. (98 at 8, 38.) Accordingly, it is appropriate to reconsider the previous order. However, assuming the district court has the authority to release Petitioner pending a decision on his amended habeas petition, this Court determines that it is not appropriate for the district court to exercise that authority in this case as explained below.

### **Likelihood of Success on the Merits**

Petitioner focuses on his claim that Arizona's parole system fails to comply with the Eighth Amendment, particularly *Miller* and *Montgomery*. (Doc. 73 at 3 n.2, 5; Doc. 96 at 6.) Accordingly, the Court shall do the same. Previously, this Court and the district court concluded that Petitioner's claims were not yet ripe. Respondent concedes that this claim is now ripe. (Doc. 102 at 2.)

Likelihood of success requires courts to consider if the claim has been properly exhausted in the state court or if the claim is technically exhausted but procedurally defaulted. *See Curtis v. Shinn*, No. CV-20-08098-PCT-JJT (DMF), 2021 WL 424078, at *1 (D. Ariz. Feb. 8, 2021); *Magnuson v. Ontiveros*, No. CV-06-3045-PHX-ROS, 2008 WL 881572, at *3 (Mar. 28, 2008); *cf. Esry v. Escapule*, No. CV-13-02028-PHX-SRB, 2014 WL 3067082, at *11 (D. Ariz. July 7, 2014) (denying bail when untimely and noting that procedural default claims "appear meritorious").

*Exhaustion*

Respondent asserts that Petitioner failed to exhaust his claim. (Doc. 102 at 3, 5.)

Petitioner responds that he exhausted the claim before the Arizona Court of Appeals in 2014. (Doc. 104 at 5 (citing Doc. 34-1 at 32)().) Further, Petitioner contends that even if the matter were unexhausted, it should be excused from the requirement. *Id.* at 6-7.

Before a federal court may consider a habeas claim under 28 U.S.C. § 2254, the petitioner is generally required to exhaust the claim before the state courts. § 2254(b)(1). This permits state courts a full opportunity to correct a constitutional violation and prevents disruption of state proceedings. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982).

To exhaust a claim, the petitioner must "fairly present" the claim in each appropriate state court, alerting the court to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In Arizona, a claim not involving a life sentence or death penalty is exhausted if it is presented to the Arizona Court of Appeals; it need not be appealed to the Arizona Supreme Court. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). The state court must be sufficiently put on notice of the claim. *Davis v. Silva*, 511 F.3d 1005, 1009-11 (9th Cir. 2008). To fairly present a claim, the petitioner must have clearly stated the federal basis and federal nature of the claim, along with relevant facts, and the claim must be the "substantial equivalent" to the one presented to the state. *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011); *see Picard v. Connor*, 404 U.S. 270, 278 (1971). If evidence puts the case in significantly different legal or evidentiary posture, the state must have an opportunity to examine the case. *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

There are several excuses from the requirement to exhaust. First, if there is no corrective process available at the state, § 2254(b)(1)(B)(i), or the circumstances render a process ineffective, § 2254(b)(1)(B)(ii). "State-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability." *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006). No corrective process means that there is no further avenue available for obtaining state relief. *Insyxiengmay v. Morgan*, 403 F.3d 657, 669 n.5 (9th Cir. 2005). Futility will not excuse failure to exhaust. *See Engle v. Isaac*, 456 U.S. 107, 130 (1982); *Parson v. San Quentin Prison Warden*, 158 Fed. App'x 814, 816 (9th Cir. 2005); *cf. Alfaro v. Johnson*, 862 F.3d 1176, 1180 (9th Cir. 2017)

(declining to consider if *Engle* effectively overruled the Ninth Circuit's previous endorsement of the futility doctrine).

Here, before the Arizona Court of Appeals in 2014, Petitioner stated the issue presented as "Did the trial court correctly rule that the mandatory life sentence imposed on Ronnie Vera as a juvenile violated the Eighth Amendment, under *Miller v. Alabama*, 132 S.Ct. 2455 (2012)?" (Doc. 34-1 at 26.) He argued that the "mandatory life sentence imposed on [him] as a juvenile violates the Eighth Amendment under *Miller*." *Id.* at 32. The closest Petitioner comes to arguing that the Arizona parole system fails to provide an opportunity for parole within the meanings of *Miller* and *Montgomery* is in a subsection titled "HB 2593 does not satisfy *Miller*," in which he condemns that § 13-716 "puts th[e] authority [to consider the mitigating factors] in the hands of an executive panel"—not the courts. *Id.* at 37, 40. Petitioner has not returned to the state court since the BOEC denied his request for parole. His 2014 claim is different than the one currently before the Court. It has a different factual, legal, and evidentiary posture and therefore is not exhausted. *See Dickens*, 740 F.3d at 1318. Also, he was required to present it before every appropriate court. *See Baldwin*, 541 U.S. at 29 ("To provide the State with the necessary "opportunity," the prisoner must 'fairly present' his claim in each appropriate state court . . . .") Thus, simply raising it to the Arizona Supreme Court would have been insufficient.

Petitioner seems to argue that, because Respondent presented failure to exhaust before the Ninth Circuit and it only expressly left ripeness for this Court to decide, this Court is bound through the law-of-the-case doctrine to the Ninth Circuit's determination that the claims have been exhausted. (Doc. 104 at 5-6.) The Court disagrees. The law-of-the-case doctrine generally precludes courts from "reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). This requires that the appellate court expressly or by necessary implication decided the issue. *Thomas*, 983 F.2d at 154. The Ninth Circuit, here, specifically stated that it was remanding "for the district court's consideration in the first

instance." (Doc. 75-1 at 5.) The Ninth Circuit did not expressly or implicitly by necessity decide if Petitioner had ever exhausted this claim. This issue is rightfully before this Court without limitations from the law-of-the-case doctrine.

Further, Petitioner contends that even if the matter were unexhausted, it "would be pointless" to return to state court because it previously held that § 13-716 satisfied the Eighth Amendment and does not meaningfully review BOEC's decisions. (Doc. 104 at 6-7.) Under the facts presented here, futility is not an excuse for failure to exhaust because the state courts may have the opportunity to rethink their prior positions and they should be permitted to exercise that opportunity. *See Engle*, 456 U.S. at 130; *Parson*, 158 Fed. App'x at 816. So if this claim is not procedurally barred, then the state courts must be given the opportunity to consider Petitioner's claim. Accordingly, Petitioner has not shown that his failure to exhaust must be excused, unless he would be precluded from presenting his claim to the state courts. *See Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002).

*Preclusion*

Claims may be procedurally barred from federal habeas review based either upon an expressed or implied bar. *See Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). If a state court expressly applied a procedural bar when the petitioner attempted to raise the claim in state court, and the procedural bar is both independent and adequate, review of the merits of the claim by a federal court is barred. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) ("When a state-law default prevents the state court from reaching the merits a federal claim, that claim can ordinarily not be reviewed in federal court.") If a state court applies a procedural bar and alternatively addresses the merits of the federal claim, the claim remains barred from federal review. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding."); *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined, where, as here, the state court simultaneously rejects the merits of the claim.")

An implied procedural bar may be applied to unexhausted claims where state

procedural rules would bar any claim. *Franklin*, 290 F.3d at 1230-31 ("[T]he procedural default rule barring consideration of a federal claim 'applies. . . if it is clear that the state court would hold the claim procedurally barred.'" (quoting *Harris*, 489 U.S. at 263 n.9)). The procedural rules must be "clear, consistently applied, and well-established at the time of the petitioner's purported default" to bar federal habeas review. *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).

Because Arizona's preclusion rule is both independent and adequate, its application to a claim by an Arizona court or its operation precluding a return to state courts to exhaust a claim will procedurally bar subsequent review of the merits of that claim by a federal court. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002) (determinations made under Arizona's procedural default rule are independent of federal law); *see also State v. Mata*, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules are strictly applied in post-conviction proceedings); *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992) (rejecting assertion that Arizona courts' application of procedural default rules were "unpredictable and irregular").

Rule 32.2, Ariz. R. Crim. P., outlines the claims that are precluded.[2] Defendants are precluded from relief based on whether their "conviction was obtained, or the sentence was imposed, in violation of the United States or Arizona constitutions" if the claim is still raisable under Rules 24 or 31, Ariz. R. Crim. P.; was previously adjudicated on the merits; or was waived during trial, appeal, or previous post-conviction proceeding, unless it requires waiver be done knowingly, voluntarily, and personally by the defendant. Ariz. R. Crim. P. 32.2(a). Because Rule 32.1(a) "encompasses most traditional post-conviction claims, such as the denial of counsel, incompetent or ineffective counsel, or violations of other rights based on the United States or Arizona constitutions" and appears to encompass

---

[2]The Court is citing to the current rules but has verified that the rules have not materially changed. *See* Ariz. R. Crim. P. 32.2 (2014). Accordingly, the Court will refer to the current rules, especially as the current rules would be applied, "except to the extent that the court in an affected action determines that applying the rule or amendment would be infeasible or work an injustice, in which event the former rule or procedure applies." *State v. Bigger*, 476 P.3d 722, ¶ 5 (Ariz. App. 2020) (quoting Ariz. Sup. Ct. Order R-19-0012 (Aug. 29, 2019)).

- 8 -

Petitioner's claim, the Court will not consider preclusion for other claims of relief. Ariz. R. Crim. R. 32.1 cmt.

Here, Rule 32.2 would not preclude Petitioner from raising his parole claim in a new Rule 32 proceeding. First, Petitioner's claim is not currently raisable under Rules 24 or 31. Second, the state courts did not previously adjudicate the claim on the merits because Petitioner did not raise this claim before the state courts; thus, they did not rule on it. Finally, Petitioner did not waive the claim by failing to raise it during the previous Rule 32 proceeding because it was not yet ripe. Therefore, Petitioner's parole scheme claim is not precluded or procedurally defaulted and may be considered in a Rule 32 proceedings.

Because Petitioner's claim is unexhausted and not procedurally defaulted, this Court cannot recommend granting relief or finding that Petitioner has a high likelihood of success.

**Irreparable Harm**

Petitioner argues he will suffer irreparable harm "by his continued imprisonment under an illegal sentencing scheme that the state has done nothing to correct." (Doc. 96 at 6.) Petitioner's argument is essentially a re-urging of his argument that he is likely to succeed on the merits. As set forth above, this Court has determined Petitioner has not established that he is likely to succeed on the merits because it appears that Petitioner's parole claim is unexhausted.

**Respondent's and Public's Interests**

Petitioner contends that Respondent will not suffer any injury because there has been no indication that he presents a flight risk or is a danger to others. (Doc. 96 at 6.) Further, he posits that the public's interest would be served by release based on "application of the evolving standards of decency that brought our country from an erroneous belief in juvenile super-predators in the 1990s to the Supreme Court's recognition that childhood mitigates sentences in many respects." *Id.* at 6-7.

Respondent argues that the state and the public have an interest in "finality and justice for the victims of Vera's crime of murder." (Doc. 102 at 8.) The Court also notes

that the state has an interest in being able to correct errors before the federal court steps in. This is the basis of requiring claims to be exhausted.

Based on the record before the Court, Petitioner's parole scheme claim has not been exhausted and may be pursued in the state court. As such, at this stage, the state's and public's interests do not weigh in favor of granting release.

**Special Circumstances**

Petitioner argues that the COVID-19 pandemic presents special circumstances. (Doc. 96 at 7.) He also contends that his community support and engagement with educational and counseling opportunities also suggest release is appropriate. *Id.*

As stated above, bail is reserved for "extraordinary cases." *Mett*, 41 F.3d at 1282 (quoting *Land*, 878 F.2d 318). "Special circumstances" include "a serious deterioration of health while incarcerated, and unusual delay in the appeal process." *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989). Special circumstances also include situations in which "the sentence was so short that if bail were denied and the habeas petition were eventually granted, the defendant would already have served the sentence." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992); *see also Tacquard v. Ryan*, No. CV-18-02711-PHX-DJH (MHB), 2019 WL 3037593, at *1 (D. Ariz. 2019) (assuming district court has jurisdiction, bail reserved to extraordinary cases involving special circumstances or high probability of success and denying petitioner's request for bail where petitioner did not show any severe medical conditions or seriously deteriorated health since he became incarcerated or his sentence will expire prior to decision being rendered on habeas petition); *Williams v. Ryan*, No. CV-17-01834-PHX-DWL (JFM), 2019 WL 549455, at *3 (D. Ariz. 2019) (it is unclear whether district court has authority to grant bail pending a decision on a § 2254 habeas petition, assuming jurisdiction petitioner is not entitled to relief where he failed to make showing of high probability of success on merits). These are circumstances that are specific to the case in front of the courts.

Here, Petitioner argues that the COVID-19 pandemic presents special circumstances. (Doc. 96 at 7.) This Court determines that, while the COVID-19 pandemic

is unprecedent and extraordinary on a global scale, it applies to every pending habeas case and is therefore not a special circumstance weighing in favor of Petitioner's release on bail. Special circumstances under applicable case law are narrow to the specific case. *See Salerno*, 878 F.2d 317 (special circumstance is unusual delay in the appeal process or deteriorating health). Petitioner has not alleged a serious deterioration in his health—outside of the potential COVID-19 concerns, which apply to all pending habeas petitioners.

He also contends that his community support and engagement with educational and counseling opportunities also suggest release is appropriate. *Id.* The Court is unconvinced that this satisfies "special circumstances" because it is vastly dissimilar than those the Ninth Circuit has previously defined.

This Court does not find special circumstances here; thus, it cannot and does not recommend release based on special circumstances.

**RECOMMENDATION**

It is not clear that the district court has jurisdiction to grant Petitioner bail pending resolution of his amended habeas petition. Assuming the district court does have such jurisdiction, it is **recommended** that the district court decline to exercise its authority in this case because Petitioner has not shown a high probability of success on the merits or special circumstances. However, the district court should permit Petitioner to file an amended petition as contemplated by the Ninth Circuit.

Pursuant to Rule 72(b)(2), Fed. R. Civ. P., any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **15-CV-00613-JCH**.

Dated this 15th day of April, 2021.

Honorable D. Thomas Ferraro
United States Magistrate Judge

- 11 -