**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Roy Vera, | No. CV-15-00613-TUC-JCH |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, | |
| Respondent. | |

Before the Court is Petitioner Ronnie Vera's Motion for Stay of Proceedings and All Deadlines ("Motion"). (Doc. 108.) The Motion is fully briefed. (Resp. to Pet'r's Mot. for Stay of Proceedings and All Deadlines, Doc. 112; Ronnie Vera's Reply to State's Opp'n, Doc. 118.) Also pending is Petitioner's motion for reconsideration of the Court's Order denying his motion for release on bail pending disposition of his habeas petition. (Ronnie Vera's Mot. for Recons. of Denial of his Mot. for Expedited Hr'g and Release from Custody, Doc. 96.) Upon referral pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge D. Thomas Ferraro issued his Report and Recommendation ("R. & R.") on Petitioner's motion for release. (R. & R., Doc. 107.) For the reasons stated below, the Court grants Petitioner's request for a stay. Because this matter will be stayed pending further proceedings in the state courts, the Court denies Petitioner's motion to be released on bail pending adjudication of his habeas petition.

**I.   Background**

In 1995, at the age of 16, Ronnie Roy Vera ("Petitioner") was arrested and charged

with first-degree felony murder and two counts of first-degree burglary. The Arizona Court of Appeals presented the facts thusly:

> Sixteen-year-old Vera and his friend, Greg Valencia, were on foot in a condominium complex. Vera stole a bicycle from inside the walled patio of a condominium… Later, at about 10:30 p.m., he was riding the stolen bicycle when Valencia entered another walled patio in the same complex to steal a second bicycle… The victim and his wife heard what sounded like their patio gate rattling, and the victim went outside to investigate. The victim confronted the two youths in a common area outside the victim's patio and attempted to restrain them. Vera threw the first bicycle at the victim and ran; Valencia drew a handgun and shot the victim once, fatally. After a transfer hearing in juvenile court, Vera was tried as an adult. The state prosecuted him for first-degree murder on a felony murder theory, with a predicate felony of burglary.

*State v. Vera*, 334 P.3d 754, 755 (Ariz. Ct. App. 2014) (quoting *State v. Vera*, Nos. 2 CA-CR 96-0657, 2 CA-CR 98-544-PR (consolidated) (memorandum decision filed Aug. 31, 2000)). A jury found Petitioner guilty, and, in October 1996, he was sentenced to life without parole for 25 years on the first-degree murder charge. *See State of Arizona v. Ronnie Vera*, Pima Cnty. Superior Ct., CR-51483 (Sentence of Imprisonment, 10/24/1996).

In June 2013, Petitioner filed a post-conviction relief ("PCR") petition in the Arizona Superior Court, Pima County arguing that his sentence violated *v. Alabama,* 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). Petitioner also asserted that because Arizona had abolished parole in 1994 his only possibility of release after 25 years was through pardon or commutation by the governor, not parole. *See State of Arizona v. Ronnie Vera*, Pima Cnty. Superior Ct., CR-51483 (Petition, 6/20/2013). The superior court found "the sentence [P]etitioner received for the conviction on first degree murder violates the Eighth Amendment of the U.S. Constitution, based on the Supreme Court holding in *Miller, supra.*" *Id.* at Ruling, 1/27/2014.  Thus, the superior court granted Petitioner's PCR petition and ordered that he be resentenced in accordance with *Miller v. Alabama,* 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). *Id.*

Before Petitioner's resentencing, in July 2014, the Arizona legislature enacted Ariz.

Rev. Stat. § 13-716.[1] As applied, § 13-716 made Petitioner eligible for parole after 25 years. On Respondent's appeal of the superior court's grant of PCR relief, the Arizona Court of Appeals held § 13-716 had modified Petitioner's sentence sufficient to satisfy the Eighth Amendment violation that the superior court found was contained in his sentence. The appeals court thus vacated the superior court's order granting Petitioner a resentencing. *See Vera*, 334 P.3d at 755.

On June 17, 2015, Petitioner filed a motion in the United States Court of Appeals for the Ninth Circuit seeking authorization to file a successive[2] habeas petition in this Court. He argued Ariz. Rev. Stat. § 13-716 violated the United States Constitution's *ex post facto* clause and failed to cure the Eighth Amendment violation contained in his sentence. The Ninth Circuit granted Petitioner's motion authorizing him to file a second habeas petition in this Court. (Order, Doc. 10.)

On September 20, 2016, Petitioner filed an amended habeas petition ("Amended Petition") raising two grounds for relief: (1) that his sentence violated the United States Constitution's *ex post facto* clause, and (2) that his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment (the "Eighth Amendment Claim"). (Am. Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Doc. 22 at 7-8, 13.) Petitioner's Eighth Amendment Claim alleges that the opportunity to obtain parole contained in Ariz. Rev. Stat § 13-716 fails to comply with *Miller v. Alabama, supra,* and *Montgomery v. Louisiana,* 577 U.S. 190, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016). *Id.* at 20-21.

---

[1] Section 716, Title 13, Arizona Revised Statutes, provides:
> Notwithstanding any other law, a person who is sentenced to life imprisonment with the possibility of release after serving a minimum number of calendar years for an offense that was committed before the person attained eighteen years of age is eligible for parole on completion of service of the minimum sentence, regardless of whether the offense was committed on or after January 1, 1994. If granted parole, the person shall remain on parole for the remainder of the person's life except that the person's parole may be revoked pursuant to § 31-415.

*See* Ariz. Rev. Stat. § 13-716.

[2] On May 8, 2002, Petitioner filed a § 2254 habeas petition in this Court. *See Vera v. Stewart*, Case No. 4:02-CV-234-FRZ, at Doc. 1. On March 30, 2011, Senior Judge Zapata denied this petition. On July 19, 2013, the United States Court of Appeals for the Ninth Circuit affirmed. *See Id*. at Docs. 72, 86.

After a full briefing, Senior Judge Frank R. Zapata found that Petitioner's sentence as modified by Ariz. Rev. Stat § 13-716 violated the *ex post facto* clause and ordered Petitioner's Amended Petition be "conditionally granted unless the State of Arizona constitutionally resentences Petitioner before January 12, 2018." (Order, Doc. 56 at 1.) Because Judge Zapata found Petitioner's sentence violated the *ex post facto* clause, he did not decide the Eighth Amendment Claim. *Id.* at 1-2.

On Respondent's appeal, the Ninth Circuit reversed Judge Zapata's conditional grant of a writ of habeas corpus. (Memorandum, Doc. 75-1 at 1.) The Ninth Circuit found that Ariz. Rev. Stat. § 13-716 had effectively resentenced Petitioner to a sentence less harsh than his original sentence, and therefore his sentence did not violate the *ex post facto* clause. *Id.* at 4-5. However, the Ninth Circuit was not convinced that Arizona's parole system allows Petitioner a meaningful opportunity to obtain parole in accordance with *Miller* and *Montgomery*. *Id.* at 5. The Ninth Circuit directed this Court on remand to consider Petitioner's Eighth Amendment Claim "in the first instance, with the [Court] directed to allow amendment of the petition as necessary." *Id.*

In March 2020, Petitioner moved the Court for an order releasing him from custody pending adjudication of the Eighth Amendment Claim in his Amended Petition. (Mot. for Expedited Hr'g and Release from Custody, Doc. 73.) The Court denied Petitioner's request. The Court adopted Magistrate Judge D. Thomas Ferraro's reasoning in his R. & R. that Petitioner's Eighth Amendment Claim was unripe because he had not yet had a parole hearing and thus was unlikely to succeed on the merits of his Eighth Amendment Claim. (R. & R., Doc 79 at 4-6; Order, Doc. 95 at 2.)

On September 14, 2020, the Board of Executive Clemency ("BOEC") held a parole hearing and denied Petitioner's request for parole. (Second Suppl. Ex. in Supp. of Mot. for Recons. of Denial of his Mot. for Expedited Hr'g and Release from Custody, Doc. 98.) Thereafter, Petitioner moved this Court to reconsider the denial of his motion for release. (Doc. 96.)

Magistrate Judge Ferraro issued a R. & R. on Petitioner's motion for reconsideration

recommending it be denied; Magistrate Judge Ferraro found Petitioner's Eighth Amendment Claim unexhausted and not procedurally defaulted in the Arizona state courts. (Doc. 107 at 1, 7-9.) Judge Ferraro had again determined Petitioner failed to show a likelihood of success on the merits of his habeas claim. Judge Ferraro recommended the Court deny Petitioner's motion for reconsideration. *Id.* at 11.

In the instant Motion, Petitioner requests his Amended Petition be stayed while he exhausts his Eighth Amendment Claim in the state courts. (Doc. 108 at 1, 3.) Respondent argues Petitioner's Motion is frivolous, urging that his Eighth Amendment Claim is precluded, non-cognizable, or meritless. (Doc. 112 at 6-10.)

## II. Legal Standard

### A. *Rhines* Stay-and-Abeyance

Federal courts may not "adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273, 125 S. Ct. 1528, 1532–33, 161 L. Ed. 2d 440 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)). Instead, courts have discretion to stay a habeas petition when it partially or fully consists of unexhausted claims. *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016). "Stay and abeyance [is] available only in limited circumstances." *Rhines*, 544 U.S. at 277. Courts must use their discretion sparingly, because "routinely granting stays would undermine the [Antiterrorism and Effective Death Penalty Act of 1996's] goals of encouraging finality and streamlining federal habeas proceedings." *Blake v. Baker*, 745 F.3d 977, 981–82 (9th Cir. 2014).

Stay-and-abeyance is appropriate where the habeas petitioner has shown: (1) "good cause for his failure to exhaust," (2) that the unexhausted claim is "potentially meritorious," and (3) there is "no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277–78. A petitioner is not required to establish "extraordinary circumstances" to show good cause. *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005). Instead, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" his failure to exhaust the claim. *Blake*, 745

F.3d at 982 (citing *Pace v. DiGuglielmo*, 544 U. S. 408, 416, 425 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). However, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277.

### B. Exhaustion

The *Rhines* stay-and-abeyance procedure applies to petitions in which one or more claims have not been exhausted in the state courts. *Mena,* 813 F.3d at 912. A petitioner's claim is exhausted if "(1) he has fairly presented his federal claim to the highest state court with jurisdiction to consider it or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (internal quotation and citations omitted).

The first type of exhaustion requires that "claims must be fairly presented" to the state courts in a procedurally appropriate manner. *White v. Ryan*, No. CV-09-2167-PHX-FJM-LOA, 2010 WL 1416054, at *4 (D. Ariz. Mar. 16, 2010), *report and recommendation adopted*, No. CV-09-02167-PHX-FJM, 2010 WL 1416037 (D. Ariz. Apr. 8, 2010) (citing *Castille v. Peoples*, 489 U.S. 346, 349, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must "fairly present" her claim in each appropriate state court ... thereby alerting the court to the federal nature of the claim.")). "In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either on direct review or in a petition for post-conviction relief." *White*, 2010 WL 1416054, at *4 (citing *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2004); *Crowell v. Knowles*, 483 F.Supp.2d 925 (D.Ariz.2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999))).

A petitioner fairly presents his claim when "he presents the claim: (1) to the proper forum; (2) through the proper vehicle; and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations

omitted). For a federal constitutional claim, this means that the petitioner must present the state courts with the federal legal basis for his claim. *Duncan v. Henry*, 513 U.S. 364, 365–66, 115 S. Ct. 887, 887–88, 130 L. Ed. 2d 865 (1995); *see also Galvan v. Alaska Dept. of Corrections*, 397 F.3d 1198, 1205 (9th Cir. 2005) ("To exhaust a federal constitutional claim in state court, a petitioner has to have, at least, explicitly alerted the court that she was making a federal constitutional claim.").

The other type of exhaustion is "technical exhaustion," or exhaustion due to procedural bar. *McCray v. Shinn*, No. CV-17-01658-PHX-DJH, 2020 WL 919180, at *3 (D. Ariz. Feb. 26, 2020). A *Rhines* stay is not appropriate if a petitioner's claims are barred from the state courts for procedural reasons. *See, e.g.*, *id.* at *9 (petitioner not entitled to a stay where no state remedies available for constitutional claims). A petitioner need not have presented a claim to the state courts for it to be technically exhausted; a claim is exhausted if a return to the state courts would be "futile" pursuant to the courts' procedural rules. *Teague v. Lane*, 489 U.S. 288, 297–99, 109 S. Ct. 1060, 1068-69, 103 L. Ed. 2d 334 (1989); *see also Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (observing that if the state courts would find the petitioner's claims procedurally barred, the claims are technically exhausted).

**III.   Analysis**

    **A.  Petitioner's Eighth Amendment Claim is Unexhausted**

Respondent contends Petitioner's Eighth Amendment Claim is exhausted because it was adjudicated by the Arizona Court of Appeals[3] in Petitioner's June 30, 2013 PCR petition. (Doc. 112 at 8-9.) As mentioned above, in that PCR proceeding, the superior court had found that Ariz. Rev. Stat. § 13-716 failed to remedy the Eighth Amendment violation Petitioner claimed was inherent in his original sentence and ordered Petitioner resentenced. *Id.* at 761. However, the Arizona Court of Appeals found the Eighth Amendment violation remedied by the enactment of Ariz. Rev. Stat. § 13-716 and thus vacated the superior court's grant of post-conviction relief. *Id.* at 755.

---

[3] *See Vera*, 334 P.3d 754.

Here, unlike in his 2013 PCR claim, Petitioner seeks to assert (and therefore he must exhaust) his claim that Arizona's parole scheme fails to provide him with an opportunity to obtain parole within the meanings of *Miller* and *Montgomery* and, as a result, violates his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 108 at 1.)

For a habeas petitioner to exhaust his claim, the "federal claim must be fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* A claim is not fairly presented if a petitioner has not provided "the proper factual and legal basis for the claim." *Insyxiengmay*, 403 F.3d at 668.

The Eighth Amendment Claim Petitioner seeks to exhaust has a different factual and legal basis than the claim he presented to the Arizona courts in 2013. The Court thus finds that Petitioner's Eighth Amendment Claim was not "fairly presented" and is unexhausted.[4] Because Petitioner's Eighth Amendment Claim has not been fairly presented to the state courts, the Court must determine whether there is an available remedy for the claim in the state courts or if it is procedurally barred.

Respondent urges that Petitioner is actually challenging his 2020 parole proceedings (rather than his sentence), and thus the state courts would find his claim barred as non-cognizable under Arizona Rule of Criminal Procedure 32.1 (a), (c) and (e). (Doc. 112 at 7.) As explained herein, the Court disagrees.

*Miller* and *Montgomery* mandate that juveniles sentenced to life be afforded a meaningful opportunity for parole. *See Miller*, 567 U.S. at 489; *Montgomery*, 577 U.S. at 212-13. For instance, *Miller* requires a sentencer "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a

---

[4] As explained in his R. & R. on Petitioner's motion for reconsideration, Magistrate Judge Ferraro found that Petitioner's current claim "has a different factual, legal, and evidentiary posture and therefore is not exhausted." (Doc. 107 at 6.)

- 8 -

lifetime in prison." 567 U.S. at 480. In doing so, *Miller* commanded that a state must provide "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.* at 479 (quoting *Graham v. Florida*, 560 U.S. 48, 75, 130 S. Ct. 2011, 2030, 176 L. Ed. 2d 825 (2010)); *see also Montgomery*, 577 U.S. at 212 ("The opportunity for release will be afforded to those who demonstrate the truth of *Miller*'s central intuition—that children who commit even heinous crimes are capable of change.").

The Arizona Rules of Criminal Procedure provide grounds for post-conviction relief where a sentence is unconstitutional, is not authorized by law, and where newly discovered facts would have changed the sentence. Ariz. R. Crim. P. 32.1 (a), (c) and (e). While Petitioner does contend that his parole proceedings were unfair, the core of his Eighth Amendment Claim is that the unconstitutional nature of his sentence has not been remedied because Ariz. Rev. Stat. § 13-716 does not allow him a meaningful opportunity for parole within the meaning of *Miller* and *Montgomery*. (Doc. 22 at 20-23; Doc. 108 at 1.) The Court finds that Petitioner is challenging his sentence, and thus his Eighth Amendment Claim is cognizable.

Respondent also contends Petitioner's Eighth Amendment Claim is moot because he was given a parole hearing. (Doc. 112 at 8.) As stated above, the Ninth Circuit remanded this case for the Court to determine "whether A.R.S. § 13-716, as implemented by the Arizona Department of Corrections, actually provides an opportunity for Vera to obtain parole within the meaning of *Miller* and *Montgomery*." (Doc. 75-1 at 5.) It is not enough that Petitioner was afforded a parole hearing. Rather, the Ninth Circuit instructed this Court to consider whether Ariz. Rev. Stat. § 13-716 as implemented by the Arizona Department of Corrections complies with the United States Constitution.[5] Thus, the Court finds that the state courts would not find Petitioner's Eighth Amendment Claim moot. The state courts should be given the opportunity to decide this claim in the first instance. *See Rose*, 455 U.S. at 515 ("federal courts should not consider a claim in a habeas corpus petition until

---

[5] The Court finds this is an issue that could not have been decided by the BOEC presiding over Petitioner's hearing. For instance BOEC has power to make parole decisions as to individuals but does not have the power to decide a statute's constitutionality. *See* Ariz. Rev. Stat. § 31-402 (setting forth powers of the BOEC).

- 9 -

after the state courts have had an opportunity to act.").

**B. The *Rhines* Factors Weigh in Favor of Issuing a Stay**

As mentioned, stay-and-abeyance is appropriate where the habeas petitioner has shown: (1) "good cause for his failure to exhaust," (2) that the unexhausted claim is "potentially meritorious," and (3) there is "no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277–78. As explained below, the Court determines the *Rhines* factors are satisfied.

**1. Petitioner's failure to exhaust is supported by good cause**

The first *Rhines* factor seeks to determine whether a petitioner has "good cause" to excuse his failure to exhaust the claim in the state courts. *Rhines*, 544 U.S. at 277. "Good cause" requires that petitioners have a legitimate reason for failure to exhaust, and "turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." *Blake*, 745 F.3d at 982.

A habeas petition will not be granted if it rests on an unripe claim. *See Sanchez-Alanis v. Apker*, 739 F. App'x 388, 389 (9th Cir. 2018). A claim is not ripe when it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *See id.* (citing *Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257, 1259, 140 L.Ed.2d 406 (1998) (stating that "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all").

Petitioner's Eighth Amendment Claim did not become ripe until he was denied parole in his 2020 parole hearing. Respondent concedes as much. (Doc. 102 at 2.) Because Petitioner's Eighth Amendment Claim could not have been raised in the state courts prior to his parole hearing, Petitioner's failure to exhaust is supported by good cause.

**2. Petitioner's Eighth Amendment Claim is not plainly meritless**

The second *Rhines* factor seeks to determine whether a petitioner's claim is "plainly meritless." *Id.* at 277. A federal court should refrain from substituting its judgment for the state courts on the merits of an unexhausted claim "unless it is perfectly clear that the petitioner has no chance of obtaining relief." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th

Cir. 2005).

Respondent argues Petitioner's Eighth Amendment Claim is meritless because *Miller* and *Montgomery* do not apply to his sentence or parole hearing. (Doc. 112 at 10-11.) However, the Ninth Circuit recognized *Miller* and *Montgomery* as applicable when it held it was "not persuaded" that "A.R.S. § 13-716, as implemented by the Arizona Department of Corrections, actually provides an opportunity for Vera to obtain parole within the meaning of *Miller* and *Montgomery*." (Doc. 75-1 at 5.)

The Court also rejects Respondent's contention that the Arizona Court of Appeal's 2014 ruling on Petitioner's sentence renders his Eighth Amendment Claim meritless under *stare decisis*. (Doc. 112 at 10.) *Stare decisis* requires that lower courts follow their appellate courts' determinations of law where the underlying law has not changed. *Nammo Talley Inc. v. Allstate Ins. Co.*, 99 F. Supp. 3d 999, 1003 (D. Ariz. 2015) (internal citation omitted). Arizona's *stare decisis* doctrine bars reconsideration when "the facts and issues are substantially the same as those on which the first decision rested." *In re Monaghan's Est.*, 227 P.2d 227, 228 (Ariz. 1951).

In this case, as stated above, Petitioner's Eighth Amendment Claim has a different factual and legal basis from the claim adjudicated by the Arizona state courts in 2013-2014. *See Vera*, 334 P.3d at 760 (deciding whether "the trial court exercised discretion, consistent with *Miller* . . . ," in sentencing Petitioner, further recognizing that "when [Petitioner's] sentence was imposed, the court had been mistaken about the availability of parole . . . ."). A claim is fairly presented if the court is informed of "the proper factual and legal basis for the claim." *Insyxiengmay*, 403 F.3d at 668. In his brief to the Arizona Court of Appeals in 2014, Petitioner did not fairly present his claim that Arizona's parole system fails to satisfy the requirements of *Miller*/*Montgomery* and thus his sentence is unconstitutional. Rather, he claimed that his mandatory life sentence was unconstitutional. (Resp. to Pet. For Review, Doc. 34-1 at 25-47.) Because the facts and issues that form the basis of the Eighth Amendment Claim are not substantially the same as those presented in Petitioner's earlier PCR proceeding, *stare decisis* does not preclude the Eighth Amendment Claim.

The state courts must first determine whether Arizona law provides Petitioner an opportunity to obtain parole as required by the Eighth Amendment to the United States Constitution under *Miller*/*Montgomery*. *See Castille*, 489 U.S. at 351 (to exhaust a habeas claim, a petitioner must afford the state the first opportunity to rule upon the merits of the claim by fairly presenting the claim to the state's highest court in a procedurally correct manner).

### 3. Petitioner did not engage in dilatory litigation tactics

The third *Rhines* factor seeks to determine whether "the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. The *Rhines* Court warned against issuing stays to capital petitioners who "might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death." *Id.* at 277-78. Petitioner here is not a capital petitioner. The Court agrees with and accepts Petitioner's assertion that he "has every incentive to move the litigation rapidly and will continue to do so." (Doc. 118 at 3.) Finally, district courts are required to put reasonable time limits on *Rhines* stays. *Rhines,* 544 U.S. at 278. The Court will do so here.

## IV.     Petitioner's Motion for Reconsideration

Before filing the instant Motion, Petitioner moved for reconsideration of Senior Judge Zapata's Order adopting Magistrate Judge Ferraro's R. & R. on his motion for release on bail pending disposition of his Amended Petition. (Docs. 95, 96.) Judge Zapata agreed with Judge Ferraro's finding that Petitioner's Eighth Amendment Claim was not yet ripe because at the time Petitioner filed his motion for release, he had not yet had a parole hearing. (*Id.*) Although Petitioner has now had a parole hearing, he has conceded that his Eighth Amendment Claim is unexhausted. (Doc. 118 at 3.)

In order to grant a habeas petitioner's request for release pending adjudication of a habeas petition, a petitioner must establish, *inter alia*, a likelihood of success on the merits. *See Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119, 95 L. Ed. 2d 724 (1987) (In deciding "whether a . . . habeas petitioner should be released pending the court's disposition . . . , our approach has been to follow the general standards for staying a civil

judgment . . . . [T]he factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." (additional citations omitted)). Because Petitioner's Eighth Amendment Claim is unexhausted, he cannot establish that he is likely to succeed on the merits of his Eighth Amendment Claim. Additionally, as set forth in Magistrate Judge Ferraro's R. & R. on Petitioner's motion for release, which was adopted in full by Senior Judge Zapata, it is unclear that the district court has jurisdiction to grant a habeas petitioner's request for release on bail pending adjudication of his habeas petition. (Docs. 79, 95.)

The Court finds it appropriate to deny Petitioner's motion for reconsideration.

**V. Conclusion**

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Petitioner's Motion for Stay of All Proceedings and Deadlines (Doc. 108). This action is stayed pending further Order of this Court. Petitioner is required to diligently exhaust his Eighth Amendment Claim in the state courts. Petitioner shall file a status report with this Court no later than October 1, 2021 and every 120 days thereafter regarding the status of the state court proceedings.

**IT IS FURTHER ORDERED WITHDRAWING** the reference to Magistrate Judge Ferraro**, TERMINATING** Magistrate Judge Ferraro's Report and Recommendation on Petitioner's motion for reconsideration (Doc. 107), **DENYING** Petitioner's motion for reconsideration (Doc. 96), and **GRANTING IN PART** Petitioner's motion for a status conference (Doc. 106) to the extent that this Order provides Petitioner with the status of this matter.

Dated this 26th day of July, 2021.

_____
Honorable John C. Hinderaker
United States District Judge